QUINCE, J.,
dissenting.
I believe, under the circumstances of the case, the defendant is entitled to a new trial because an unqualified person served on this capital jury. It is undisputed that Juror Striggles was a convicted’ felon whose civil rights had not been restored at the time she served on the jury that convicted Boyd. Section 40.013(1), Florida Statutes (2001), provides that any person who has been convicted of a felony and whose civil rights have not been restored shall not be qualified to serve as a juror. This statutory directive is clear and unequivocal. Juror Striggles should not have been on this jury.
It is impossible to tell whether bias from such a situation cuts for or against the defendant, and a defendant should not be placed in the position of having to demonstrate bias. Because in most instances demonstrating prejudice is difficult, if not impossible, there should be a per se rale that would require a new trial when a disqualified person serves on a jury. Thus, Boyd should be given a new trial.